JOHN M. KOHN, Plaintiff and Appellee, *v.* FRANCISCO MARTÍNEZ-MARRERO, Defendant and Appellant.

No. 4121. Argued March 18, 1927.—Decided March 25, 1927.

*Enrique Campillo* for the appellant. *Luis Muñoz Morales* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff in a revendicatory action applied for an order for a survey of the land in controversy. On October 12th, 1926, the attorney for defendant received notice and copy of a "motion" addressed to the clerk of the court requesting that the motion for a survey be included in a special calendar for discussion on the following Monday, October 18. An extract from the minutes indicates that on the date last

mentioned six motions were submitted and taken under advisement. The order appealed from dated October 27th recites that the motion for a survey was submitted by both parties without argument.

Defendant now cites *Marrero* v. *Ortega*, 33 P.R.R. 968, in support of the proposition that:

"The District Court of San Juan erred in holding that defendant-appellant had due notice of the motion for a survey filed by plaintiff-appellee, thus considering said motion without the appearance of defendant-appellant, and decreeing, consequently, the inspection, survey and fixing of the boundaries of the parcel of seven *cuerdas.*"

There is nothing whatever in the record upon which to base a conclusion that any question as to the sufficiency of notice was called to the attention of the court below and the suggestion that the motion for a survey was submitted by the plaintiff in the absence of defendant is directly contradicted by the positive statement contained in the order of the court.

Section 286 of the Code of Civil Procedure provides among other things that—

"The court or judge must appoint a time and place for the hearing, of which notice, with a copy of the petition, must be served upon the adverse party, at least three days before a hearing, . . . . . "

The jurisdictional prerequisite is the service of notice "upon the adverse party at least three days before the hearing." Here defendant was notified of plaintiff's purpose to submit his motion on October 18th, five days before the date of the proposed hearing. Any irregularity as to the manner in which the motion was set for hearing on the date referred to was waived by defendant's submission of the motion without argument. The case of *Marrero* v. *Ortega, supra,* is not in point.

The order appealed from must be affirmed.